IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID C. ORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant Wal-Mart Stores East, LP petitions for removal of the action herein from the State Court of Chatham County to the United States District Court for the Southern District of Georgia, Savannah Division and respectfully shows the Court the following:

1. Plaintiff filed the above-styled civil action in the State Court of Chatham County, Civil Action File No. STCV21-01604 on August 20, 2021. Attached as Exhibit "A" are copies of all process, pleadings, and orders filed in that action known to Defendant.

2. Plaintiff's Complaint alleges that he was injured in a trip and fall accident at the Walmart store located at 1955 East Montgomery Crossroads, in Savannah, Chatham County, Georgia. (Exhibit "A", Complaint ¶3).

3. Plaintiff filed suit in Chatham County, Georgia, based on the location of the accident. (Exhibit "A", Complaint ¶4).

4. Defendant removes this case as this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, which requires (a) complete diversity of citizenship between the parties and (b) an amount in controversy exceeding $75,000.

5. The parties are citizens of different states. Based on reasonable inquiry and belief, Plaintiff is a Georgia citizen. (*See* Exhibit "A", Complaint ¶1). Defendant Wal-Mart

Stores East, LP is a corporation formed under the laws of the State of Delaware with its principal place of business located in Arkansas.  (*See* Exhibit "B", Annual Registrations).  WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP and is a Delaware corporation with its principal place of business in Arkansas.  WSE Investments, LLC is the sole limited partner of Wal-Mart Stores East, LP and is a Delaware corporation with its principal place of business in Arkansas.  Consequently, complete diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a)(1).

6. Plaintiff's Complaint alleges that "Plaintiff has suffered past medical expenses, in addition to **future** medical expenses and past, present, and **future** physical pain and suffering." (Exhibit "A", Complaint ¶22).  Further, Plaintiff is seeking all general and special "past and **future**" damages.  (Exhibit "A," Complaint ¶¶27, 29).

7. Plaintiff's Complaint does not state the total amount of damages sought but seeks damages in an amount to be proven at trial.  Paragraph 28 of the Complaint states that Plaintiff has incurred $37,846.40 in medical bills but does not identify the total amount of special damages claimed.  (Exhibit "A", Complaint).  However, based on the amount of medical bills incurred and his express allegation of future pain and suffering it is reasonable to infer that Plaintiff will seek in excess of $75,000 in damages.

8. In addition, 28 U.S.C.A. § 1446 provides "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable." The Eleventh Circuit has found that "responses to request for admissions, **settlement offers**, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b).").  In

determining amount in controversy, "[t]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013).

9. Further reflecting the anticipation of future medical expenses, on November 23, 2020, Plaintiff's counsel sent a pre-suit settlement demand letter (attached as Exhibit "C") demanding payment of $250,000.00 to settle Plaintiff's claims. The demand states that the pain from the injury "felt as if his shoulder had been dislocated". That he had "extreme pain with internal and external shoulder rotation". That two weeks later he had "no significant change in pain, [was] unable to perform simple day to day activities at work, perform chores around the house, or lift his two small children without severe pain." Plaintiff had surgery and alleges that his "recovery process was extremely long and painful." The demand letter claims that the Plaitniff's injuries "are continuing and likely permanent", that the injury has caused "continued "difficulty sleeping and … soreness in his right shoulder … with range of motion still limited… [and that] the pain he still feels over a year later will likely continue for the rest of his life." The details provided in this demand letter show that the $250,000 demand is not merely "puffing" and that Plaintiff's counsel has provided detail that shows the amount in controversy in this case is evaluated at an amount in excess of this Court's jurisdictional requirements.

10. Consequently, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (a), 1441, and 1446 because (a) complete diversity exists between the parties to this action and (b) the amount in controversy is in excess of $75,000.00.

11. By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

12. A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Chatham County, Georgia as required by 28 U.S.C. §1446(d).  (Exhibit "D").

**Wherefore**, Defendant prays that the above-styled lawsuit be removed to the United States District Court for the Southern District of Georgia, Savannah Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Chatham County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

Respectfully submitted, this 30th day of September, 2021.

**DREW, ECKL & FARNHAM, LLP**

/s/ *Samantha A. DiPolito*
Leslie P. Becknell
Georgia Bar No. 046320
Samantha A. DiPolito
Georgia Bar No. 203011
*Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
BecknellL@deflaw.com
DiPolitoS@deflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID C. ORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded a true and correct copy of the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to all attorneys of record and via USPS Mail

> Joseph R. Padgett
> Jeffry J. Fitzpatrick, Jr.
> Roden Law Firm
> 333 Commercial Drive
> Savannah, GA 31406
> jpadgett@rodenlaw.com
> jfitzpatrick@rodenlaw.com

This 30th day of September, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Samantha A. DiPolito*
Leslie P. Becknell
Georgia Bar No. 046320
Samantha A. DiPolito
Georgia Bar No. 203011
*Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
(404) 876-0992 (fax)
BecknellL@deflaw.com
DiPolitoS@deflaw.com