IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID C. ORNE, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-283 |
| v. | |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on a "Consent Motion to Remand" filed jointly by Plaintiff and Defendant. (Doc. 9.) For the reasons outlined below, the Court **GRANTS** the Motion, (id.), and **REMANDS** this case to the State Court of Chatham County, Georgia.

Plaintiff initiated this lawsuit, in which he seeks to recover damages from Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") for injuries he allegedly suffered while in a Wal-Mart store, by filing a Complaint in the State Court of Chatham County on May 12, 2020. (Doc. 1-1, pp. 5–9.) Wal-Mart removed the case to this Court on September 30, 2021, purportedly on the basis of diversity jurisdiction. (Doc. 1.) Specifically, in its Notice of Removal, Wal-Mart asserted that "this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, which requires (a) complete diversity of citizenship between the parties and (b) an amount in controversy exceeding $75,000." (Id. at p. 1.) As to citizenship, Wal-Mart explained that Plaintiff is a Georgia citizen, while it is a corporation formed under the laws of the State of Delaware with its principal place of business in Arkansas. (Id. at pp. 1–2.) As for the amount in controversy, Wal-Mart stated that "Plaintiff's Complaint does not state the total amount of damages sought but seeks damages

in an amount to be proven at trial." (Id. at p. 2.) In an effort to show that the case involved an amount in controversy higher than $75,000, Defendant explained that the Complaint stated that Plaintiff had incurred $37,846.40 in medical bills and urged that, "based on the amount of medical bills incurred and [Plaintiff's] express allegation of future pain and suffering[,] it is reasonable to infer that Plaintiff will seek in excess of $75,000 in damages." (Id.)

The parties have since filed the at-issue Consent Motion to Remand. (Doc. 9.) Therein, the parties advise that they "have stipulated to cap the amount in controversy, including all claims for damages, costs, interests, attorneys' fees, and penalties, including bad faith penalties, at a sum not to exceed $75,000.00." (Id. at p. 1.) Accordingly, they reason, "federal jurisdiction has been extinguished." (Id.) They additionally state that "Plaintiff expressly and specifically affirms his understanding and agreement that he will not be entitled to recover any amount of money in excess of $75,000.00 for any and all claims asserted in this action," and that "Defendant does not disagree with Plaintiff's position and agrees that this matter should be remanded to the State Court of Chatham County." (Id. at p. 2.)

While the parties make clear that they have consented to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018). Moreover, "a post-removal stipulation [as to the amount in controversy] does not normally divest a federal court of jurisdiction." Millhouse v. Brannen, No. 7:11-cv-15 (HL), 2011 WL 672337, at *1 (M.D. Ga. Feb. 16, 2011); Boyd v. Shelton, No. 1:09-cv-03502-JOF, 2010 WL 1817759, at *2

(N.D. Ga. May 6, 2010) ("[O]nce a case has been removed, post-removal reductions in the amount of damages requested do not generally divest the court of diversity jurisdiction."); see also Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (In a case where a post-removal event, like "a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction," "a federal court will keep a removed case."). Thus, this Court cannot dispose of the parties' Motion to Remand by thoughtlessly rubber-stamping their proposed order.

Nonetheless, a "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well[-]settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, as the parties concede, the only basis for jurisdiction in this Court would be diversity jurisdiction. (See doc. 9.)

> Under 28 U.S.C. § 1332, a federal court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." . . . Diversity jurisdiction is determined at the time the complaint was filed. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Holston Inv., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012).

Alberto v. Progressive Ins. Co., No. 2:11-cv-203, 2013 WL 750290, at *2 (S.D. Ga. Feb. 27, 2013). "Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Here, based on the Complaint, (doc. 1-1), and the Notice of Removal, (doc. 1), the amount in controversy has not been proven, by a preponderance of the evidence, to have been more than

3

$75,000 at the time of removal, particularly given that the Complaint stated that Plaintiff's medical bills equaled substantially less than the $75,000 limit and Defendant offered no other evidence to support its proposed inference that the case met the amount in controversy requirement. Further, the Plaintiff has agreed that he will not seek to recover and will not accept any amount in excess of $75,000 from the Defendants. This stipulation "looms large in the jurisdictional inquiry, and merits considerable deference." Land Clearing Co., LLC v. Navistar, Inc., No. CIV.A. 11-0645-WS-M, 2012 WL 206171, at *4 (S.D. Ala. Jan. 24, 2012); see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003) (where plaintiff's lawyers, who "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose," represent that plaintiff does not seek and will not accept damages greater than the jurisdictional minimum, "we give great deference to such representations and presume them to be true"); Millhouse, 2011 WL 672337, at *1; Wallace v. Ky. Fried Chicken, No. 08-248-KD-B, 2008 WL 4531773, *6 n. 13 (S.D. Ala. Oct. 9, 2008) ("In weighing motions to remand, courts in the Eleventh Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount."); Watson v. Nuvell Fin. Servs., LLC, No. 2:07-cv-639-WKW, 2008 WL 110923, *3 & n. 2 (M.D. Ala. Jan. 9, 2008) (remanding for want of proof of amount in controversy, where plaintiff's attorney clearly stated that plaintiff would not accept an award of greater than $75,000). In light of these considerations, the Court finds that diversity jurisdiction is lacking, and the case is due to be remanded.

For the reasons stated above, the Court **GRANTS** the parties' Consent Motion to Remand. (Doc. 9.) Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of

Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

    **SO ORDERED**, this 14th day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA